<b>IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE</b>

| | |
|---|---|
| In re: | Chapter 11 |
| Evergreen Solar, Inc.[1] | Case No. 11-12590 (MFW) |
| Debtor. | Objection Deadline: September 19, 2011 at 4:00 p.m. EST<br>Hearing Date: October 7, 2011 at 2:00 p.m. EST |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH A PROTOCOL FOR COMPLIANCE WITH 11 U.S.C. § 1102(b)(3) AND (II) RETAIN THE GARDEN CITY GROUP, INC., AS COMMUNICATIONS SERVICES AGENT IN CONNECTION THEREWITH**

The duly-appointed Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtor and debtor-in-possession (collectively, the "<u>Debtor</u>") by its undersigned counsel, hereby moves this Court (the "<u>Motion</u>") for an Order (the "<u>Order</u>") Establishing a Protocol for Compliance with Section 1102(b)(3) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the form attached hereto as **Exhibit A**. In support of the Motion, the Committee respectfully represents as follows:

## BACKGROUND

1. On August 15, 2011 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On August 26, 2011 (the "<u>Formation Date</u>"), the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in this Chapter 11

---

[1] The last four digits of the Debtor's federal tax identification number are 2254.

case. The members of the Committee are: (i) Wells Fargo Bank, N.A.; (ii) Computershare Trust Company, NA; (iii) Trishield Capital Management; (iv) Palo Alto Investors, LLC; (v) Capital Ventures International c/o Susquehanna International Group LLP; (vi) Praxair, Inc. and (vii) Global Telecom & Technology.

3. On the Formation Date, the Committee selected Kramer Levin Naftalis & Frankel, LLP ("Kramer Levin") as its lead counsel and Pepper Hamilton LLP ("Pepper Hamilton") as its Delaware counsel.

## JURISDICTION

4. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105(a), 1102 and 1103 of the Bankruptcy Code.

## RELIEF REQUESTED

6. Section 1102 of the Bankruptcy Code governs the appointment of creditors' committees. See 11 U.S.C. § 1102(a). Specifically, section 1102(b)(3) of the Bankruptcy Code provides, in relevant part:

A creditors' committee appointed under subsection (a) shall —

    (A)    provide access to information for creditors who

        (i)    hold claims of the kind represented by that committee; and

        (ii)    are not appointed to the committee;

    (B)    solicit and receive comments from the creditors described in subparagraph (A); and

(C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3)(A)-(C). Thus, a creditors' committee is required to provide its constituency of general unsecured creditors with access to information as part of its duties under section 1103(b)(3) of the Bankruptcy Code.

7. In order to facilitate the Committee's duties under section 1102(b)(3) of the Bankruptcy Code, the Committee requests that the Court approve certain protocols (the "<u>Protocols</u>") substantially in form attached as <u>Schedule 1</u> to the Order, setting forth the Committee's obligations under section 1102(b)(3) of the Bankruptcy Code. The Protocols prescribe procedures for the Committee, its representatives and professionals to follow in order to comply with the requirements of section 1102(b)(3) of the Bankruptcy Code. Among other things, the Protocols;[2]

    a. authorize the Committee to provide general unsecured creditors access to information through the establishment and maintenance of a website (the "<u>Committee Website</u>"); and

    b. set forth that the Committee is neither authorized nor required to disclose (a) non-public information disclosed to the Committee or its representatives by the Debtor or its representatives (collectively, with all summaries thereof or information derived therefrom, "<u>Confidential Material</u>"); (b) information generated by the Committee, or by any of the Committee's professionals, or by any member or counsel to any member for the use of the Committee ("<u>Privileged Material</u>"), and (c) communications among Committee members in their capacity as such, including information regarding specific positions taken by Committee members.

---

[2] All terms used in this summary and not otherwise defined shall have the same meaning as ascribed to them in the Order.

8. In addition, the Committee requests that the Court enter an order authorizing the Committee to (i) retain GCG, pursuant to the terms of the Agreement to Provide Communications Services (the "Services Agreement"), *nunc pro tunc* to August 31, 2011, to establish and maintain, subject to the terms of the Protocols, the Committee Website to provide access to certain information to the general unsecured creditors, and (ii) reimburse GCG for its services in accordance with the terms of the Order.

**BASIS FOR RELIEF REQUESTED**

9. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1102(b)(3) of the Bankruptcy Code.

10. The Bankruptcy Code requires a creditors' committee "to provide access to information," but does not establish guidelines for appropriate methods to provide such access or the type, kind and extent of the information to be provided. Such a broad mandate could in fact lend itself to an interpretation of section 1102(b)(3)(A) of the Bankruptcy Code that requires the Committee to provide access to all information provided to it by the Debtor or developed through the Committee's exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information. Moreover, it could also be interpreted to require the Committee to provide such information to all creditors regardless of whether a creditor has expressed an interest in receiving information and regardless of the cost to the estate.

11. In contrast, it is entirely likely that drafters of section 1102(b)(3) of the Bankruptcy Code intended this section to codify what creditors' committee counsel have, in

general, been doing regularly, which is responding to creditors' individual requests for non-privileged public information. Indeed, if Congress had instead intended for section 1102(b)(3) of the Bankruptcy Code to require a creditors' committee to provide creditors with unrestricted access to all information that a creditors' committee receives from a debtor, the provision would frustrate several provisions of the Bankruptcy Code, including a creditors' committee's authority under section 1103(c) of the Bankruptcy Code to obtain information and to act as a fiduciary for its constituents.

12. Accordingly, the relief requested by the Motion is unquestionably "necessary and appropriate" to enable the Committee to fulfill its statutory duties. First, given the lack of direction with respect to the interpretation of section 1102(b)(3) of the Bankruptcy Code, the Committee, absent the relief sought herein, may be in breach of its obligations. Second, without clarification by the Court, the Committee's efforts in this case may be frustrated because the Debtor may be hesitant to share confidential and sensitive information – precisely the information the Committee requires and typically receives to carry out its fiduciary obligations – for fear that the shared information may be disseminated to members of the public, including competitors and interested buyers. The fast track nature of these cases and the pending sale of the substantially all of the Debtor's assets makes it is absolutely critical that the Committee have immediate access to confidential and sensitive information. Third, without Court intervention, the Committee may be deterred from conducting its own independent investigations out of concern that its findings may be disseminated to inappropriate parties. Fourth, requiring dissemination of such information to all creditors in a case of this size may undermine the Committee's efforts to maximize recoveries to its constituents given the attendant cost of such efforts. Thus, the Court should enter the Order under section 105(a) of the

Bankruptcy Code.

13.　In addition, because the cost associated with the soliciting and receiving comments from general unsecured creditors will ultimately be borne by the Debtor's estate, the means for soliciting and receiving such comments must be tailored to reflect the circumstances of this bankruptcy case.  The Committee submits that its proposal – to invite general unsecured creditors to comment on matters related to this bankruptcy proceeding via the Committee Website – provides a cost-effective and efficient method for the Committee to satisfy its obligation under section 1102(b)(3)(B) of the Bankruptcy Code.  Following entry of the Order, the Committee will cause the Debtor's noticing and claims agent to provide all general unsecured creditors with notice of the Committee Website.

14.　The requested relief will allow the Committee to satisfy its statutory obligations to provide access to information, solicit and receive comments as well as respond to the information requests from the general unsecured creditors.  In addition, the proposed Protocols will ensure that other confidential, privileged, proprietary, and/or material non-public information is not disseminated to the detriment of the Debtor's estate.  Moreover, it will assist the Committee in performing its statutory function and create a cost-effective and efficient process for compliance with section 1102(b)(3) of the Bankruptcy Code.

15.　The Committee believes that the retention of GCG to create and administer the Committee Website would be beneficial to the estate in this bankruptcy case.  GCG is one of the country's leading chapter 11 administrators.  In the normal course of its business, GCG is often called upon to create websites for the purposes of providing access to information to creditors.  GCG is well qualified and experienced to provide the Committee and unsecured creditors with access to information in connection with this case, having previously

#14811707 v2

been retained as a communications services agent for the official committee in other chapter 11 cases. See In re RH Donnelley Corp., Case No. 09-11833 (KG) (Bankr. D. Del. July 20, 2009); In re Philadelphia Newspapers, LLC, Case No. 09-11204 (Bankr. E.D. Pa. June 5, 2009); In re Bally Total Fitness of Greater New York, Inc., Case No. 08-14818 (BRL) (Bankr. S.D.N.Y. March 11, 2009); In re WCI Communities, Inc., Case No. 08-11643 (KJC) (Bankr. D. Del. October 7, 2008); In re TOUSA, Inc., Case No. 08-10928 (JKO) (Bankr. S.D. Fl. March 25, 2008); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. June 21, 2006).

16. The Committee proposes to compensate GCG for professional services rendered on behalf of the Committee in connection with this case in accordance with the terms of the Services Agreement. GCG will invoice the Debtor on a monthly basis in accordance with their pricing structure.

17. The Committee submits that the requested relief is appropriate and within the Court's authority. Indeed, courts in this district routinely grant the relief requested herein. See In re DSI Holdings, Inc., et al., Case No. 11-11941 (KJC) (Bankr. D. Del. June 26, 2011); In re Cooper-Standard Holdings, Inc., et al., Case No. 09-12743 (PJW) (Bankr. D. Del. October 27, 2009); In re Smurfit-Stone Container Corp., et al., Case No. 09-10235 (BLS) (Bankr. D. Del. March 23, 2009); In re Tribune Co., et al., Case No. 08-13141 (KJC) (Bankr. D. Del. February 3, 2009); In re Washington Mutual, Inc., et al., Case No. 08-12229 (MFW) (Bankr. D. Del. December 16, 2008); In re Semcrude, L.P., et al., Case No. 08-11525 (BLS) (Bankr. D. Del. September 10, 2008); In re Dura Automotive Sys. Inc., et al., Case No. 06-11202 (KJC) (Bankr. D. Del. December 21, 2006).

**NOTICE AND NO PRIOR REQUEST**

18. Notice of this motion has been given to (a) the Debtor; (b) counsel to the Debtor; (c) the Office of the United States Trustee for the District of Delaware; and (d) those

parties requesting notice pursuant to Rule 2002 Federal Rules of Bankruptcy Procedure.

19. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee requests that the Court: (i) grant the relief requested by the Motion; (ii) enter the Order, substantially in the form attached hereto as **Exhibit A**; and (iii) grant such further relief as is just and proper.

Dated: September 2, 2011
      Wilmington, DE

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ Evelyn J. Meltzer
David B. Stratton (DE No. 960)
Donald J. Detweiler (DE No. 3087)
Evelyn J. Meltzer (DE No. 4581)
Michael J. Custer (DE No. 4843)
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

-and-

Thomas Moers Mayer, Esq.
Douglas Mannal, Esq.
Elan M. Daniels, Esq.
Rachel Ringer, Esq.
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Proposed Counsel to the Official Committee of Unsecured Creditors*