# **<u>Exhibit B</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EVERGREEN SOLAR, INC.,[1] | ) | Case No. 11-~~——~~12590 |
| (~~——~~MFW) | ) | |
| | ) | |
| Debtor. | ) | |

**ORDER: (A) AUTHORIZING DEBTOR'S ENTRY INTO ASSET PURCHASE AGREEMENT; (B) AUTHORIZING AND APPROVING THE BIDDING PROCEDURES AND TRANSACTION EXPENSE REIMBURSEMENT; (C) APPROVING THE NOTICE PROCEDURES AND THE ASSUMPTION AND ASSIGNMENT PROCEDURES; AND (D) SETTING A DATE FOR THE SALE HEARING**

Upon the motion [D. I. 13] (the "Motion")[2] of Evergreen Solar, Inc., as debtor and debtor in possession (the "Debtor"), for entry of orders under Bankruptcy Code sections 105, 363 and 365, Bankruptcy Rules 2002, 6004, 6006, and 9014 and Local Rule 6004-1: (i)(a) authorizing Debtor's entry into that certain asset sale agreement dated as of August 15, 2011 among the Debtor and ES Purchaser LLC ("Newco" or the "Proposed Purchaser") as purchaser for the sale of substantially all of the assets of the Debtor (the "Purchased Assets") as a "stalking-horse" sale agreement (as appended to the Motion as Exhibit A, the "Asset Purchase Agreement"), (b) authorizing and approving the bidding procedures (as appended hereto as Schedule 1, the "Bidding Procedures"), (c) approving the form and manner of sale notice (the "Notice Procedures") and the Assumption and Assignment Procedures as set forth in the Motion for the assumption and assignment of certain executory contracts (the "Assumed and Assigned Contracts"), and (e) setting the time, date and place for a hearing to consider the sale of the Purchased Assets and the

---

[1] The last four digits of the Debtor's federal tax identification number are 2254. The Debtor's mailing address is 138 Bartlett Street, Marlboro, MA 01752.

assumption and assignment of the Assumed and Assigned Contracts (the "Sale Hearing"); (ii) authorizing and approving (a) the sale of the Purchased Assets free and clear of all liens, claims and encumbrances, pursuant to section 363 of the Bankruptcy Code, except as set forth in the Asset Purchase Agreement, and (B) the assumption and assignment of the Assumed and Assigned Contracts; and (III) granting such other and further relief as the Court deems just and proper; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**FOUND AND DETERMINED THAT:**[3]

A. The court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 157 and 1334.

B. Venue of this case and the Motion in this district is proper under 28 U.S.C. § 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The statutory and legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 107(b)(1), 363 and 365, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rule 6004-1.

D. In the Motion and at the hearing on the Motion, the Debtor articulated and exercised good and sufficient notice of the relief granted by this Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, or if not defined in the Motion, shall have the meanings ascribed to such terms in the Asset Purchase Agreement (as defined herein).

2

granted by this Order has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

E. The Debtor's proposed sale notice, substantially in the form attached to the Motion as Exhibit E (the "Sale Notice") and the Debtor's proposed publication notice, substantially in the form attached to the Motion as Exhibit G (the "Publication Notice"), are each appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Bidding Procedures, the Auction (if necessary), the Sale Hearing, and any and all objection deadlines and no other or further notice is required.

F. The Bidding Procedures, in the form attached hereto as Schedule 1, are fair, reasonable, and appropriate and are designed to maximize recovery with respect to the sale of the Purchased Assets by the Debtor's estate.

G. Under the circumstances, timing, and procedures set forth herein, in the Motion and in the Asset Purchase Agreement, the Debtor has demonstrated compelling and sound business justifications for entry into the Asset Purchase Agreement and its terms, including the associated Transaction Expenses.

H. The Asset Purchase Agreement and its terms, including the associated Transaction Expenses, were: (i) negotiated by the Debtor and the Supporting Noteholders, on behalf of NewCo, in good faith and at arms-length; (ii) are reasonable and appropriate given, among other things, the size and nature of the transaction and the efforts that have been expended and will continue to be expended by the Supporting Noteholders; and (iii) are material inducement for, and a condition of, the Proposed Purchaser's entry into the Asset Purchase Agreement. The Transaction Expenses are commensurate with the real and substantial post-petition benefits

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052.

conferred upon the Debtor's estate by the Proposed Purchaser and constitutes actual and necessary costs and expenses incurred by the Debtor in preserving the value of its estate within the meaning of section 503(b) of the Bankruptcy Code

I. Entry into the Asset Purchase Agreement with the Proposed Purchaser as a "stalking-horse" sale agreement is in the best interest of the Debtor and the Debtor's estate and creditors and, based on the information set forth in the Motion and presented to the Court, it is an exercise of the Debtor's business judgment. The Asset Purchase Agreement will enable the Debtor to secure an adequate floor for the Auction and will provide a clear benefit to the Debtor's estate, its creditors, interest holders and all other parties in interest.

J. The Assumption and Assignment Procedures, including notice of proposed Cure Amounts, are reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The procedures have been tailored to provide adequate opportunity for all non-Debtor counterparties to the Assumed and Assigned Contracts to raise any objections to the proposed assumption and assignment or to Cure Amounts.

K. The entry of this Order is in the best interests of the Debtor and its estate, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Those portions of the Motion seeking approval of the Debtor's entry into the Asset Purchase Agreement and all of its terms (including the Transaction Expenses, provided, however, that the Transaction Expenses shall be subject to a cap of $1 million dollars), the Bidding Procedures, the Notice Procedures, the Assumption and Assignment Procedures, setting the time, date and place of the Sale Hearing, and establishing the process for objecting, as necessary, to each of the foregoing are GRANTED.

2. All objections, if any, to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The form of the Asset Purchase Agreement[4] (which may be downloaded at http://dm.epiq11.com/Evergreen or obtained from counsel to the Debtor upon written request to Scott K. Seamon at scott.seamon@bingham.com), is hereby approved and is appropriate and reasonably calculated to enable the Debtor and other parties in interest to easily compare and contrast the differing terms of the bids presented at the Auction.

4. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest, including, without limitation, the Debtor, the Supporting Noteholders, the Indenture Trustee and the Proposed Purchaser, in this chapter 11 case.

## The Bidding Procedures

5. The Bidding Procedures attached hereto as Exhibit 1 are hereby APPROVED. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the Court's intent that the Bidding Procedures be authorized and approved in their entirety, <u>except as modified by paragraph 38 herein</u>. The Debtor is hereby authorized to conduct a sale by auction of the Purchased Assets pursuant to the Bidding Procedures and the terms of this Order.

6. The Proposed Purchaser shall be deemed a Qualified Bidder pursuant to the Bidding Procedures for all purposes.

---

[4] As provided in the Bidding Procedures, the Debtor will post in the virtual data room one or more forms of asset purchase agreement (each a "Short Form APA") that will be substantially similar to the Asset Purchase Agreement, but with modifications appropriate for the purchase of such individual Lots without assets in other Assets.

7.  The Bidding Procedures shall apply to the Qualified Bidders and the conduct of the sale of the Purchased Assets and the Auction.

## The Asset Purchase Agreement

8.  Subject to the Bidding Procedures and approval of the sale at the Sale Hearing, the Debtor's entry into the Asset Purchase Agreement is hereby approved.

9.  In no event shall the Debtor be responsible or liable for any losses or liabilities under the Asset Purchase Agreement that are consequential, in the nature of lost profits, diminution in the value of property, special or punitive, or otherwise not actual damages.

10. U.S. Bank National Association, as indenture trustee for the 13% Senior Secured Notes, is not a party to the Asset Purchase Agreement and other than with respect to the obligation to credit bid the obligations of the 13% Senior Secured Notes pursuant to section 3.1 of the Asset Purchase Agreement, shall have no obligations to the Debtor thereunder, except to reduce the amount of the allowed secured claim of the 13% Noteholders in the event that the credit bid is used to consummate the purchase of one or more Lots of the Purchased Assets.

## The Assumption and Assignment Procedures

11. The Assumption and Assignment Procedures as set forth in the Motion are hereby authorized, approved and made part of this Order as if fully set forth herein.

12. The Debtor's decision to assume and assign the Assumed and Assigned Contracts to the Prevailing Bidder(s) is subject to Court approval and the consummation of a sale of the Purchased Assets. Accordingly, absent the closing of such sale(s), the Assumed and Assigned Contracts shall not be deemed assumed or assigned, and shall in all respects be subject to further administration under the Bankruptcy Code.

13. The inclusion of a contract on an Assumption and Assignment Notice shall not constitute or be deemed a determination or admission by the Debtor, the Supporting Noteholders,

Newco or any other party in interest that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

14. The Assumption and Assignment Procedures are appropriate and fair to all non-Debtor counterparties and comply in all respects with the Bankruptcy Code.

15. Pursuant to Bankruptcy Rule 6006(f)(6), the Court hereby authorizes the Debtor to file an omnibus motion incorporating the executory contracts to be assumed and assigned pursuant to section 365 of the Bankruptcy Code.

## Notice Procedures

16. The notices, in substantially the same form as annexed to the Motion as Exhibits E, F, and G of the Bidding Procedures, the Auction, the Sale Hearing, and the Assignment and Assumption Procedures, and the associated objection periods, are reasonably calculated to provide notice to any affected party and afford the affected party the opportunity to exercise any rights affected by the Motion as it relates to the Auction, Sale Hearing and the proposed assignment and assumption of the Assumed and Assigned Contracts pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and are hereby approved.

17. Immediately after entry of this Bidding Procedures Order (or as soon as reasonably practicable thereafter), the Debtor (or its agent or attorney) shall serve the Sale Notice, in substantially the form attached as Exhibit E to the Motion, by first-class mail, postage prepaid, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to the Purchased Assets during the past nine (9) months, (ii) all entities reasonably known to have asserted any claim, lien, interest or encumbrance against the Debtor's right, title and interest in the Purchased Assets, (iii) the attorneys general for all states in which Purchased Assets owned by the Debtor are located, all federal and state taxing authorities, including (without limitation) the

7

Securities and Exchange Commission, the Environmental Protection Agency, state environmental protection agencies, the Internal Revenue Service, and the Department of Labor and similar state labor or employment agencies, (iv) all counterparties to the Assumed and Assigned Contracts (each a "Counterparty"), (v) all known or potential creditors of the Debtor and (vi) the general service list established in this chapter 11 case pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1.

18. The Debtor also shall publish notice substantially in the form attached as Exhibit G to the Motion in ~~Photon Magazine (a~~ one or more widely read trade ~~publication~~publications for the solar industry such as Renewable Energy Focus, Sun & Wind Energy, PV Magazine and Photon Magazine) and The Boston Globe within three (3) business days of entry of this Bidding Procedures Order or as soon as reasonably practicable thereafter. Such publication conforms to the requirements of Bankruptcy Rules 1005, 2002(l), 2002(n) and 9008, and is reasonably calculated to provide notice to any affected party, including any potential bidders for the Purchased Assets, and afford the affected party the opportunity to exercise any rights affected by the Motion.

19. The Assumption and Assignment Notice, in substantially the same form as annexed to the Motion as Exhibit F, is reasonably calculated to provide sufficient effective notice to all non-Debtor counterparties to Assumed and Assigned Contracts and any other affected parties of the Debtor's intent to assume and assign some or all of the Assumed and Assigned Contracts and to afford the non-Debtor counterparty to each Assumed and Assigned Contract the opportunity to exercise any rights affected by the Motion pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c), and is hereby approved. Each Assumption and Assignment Notice shall set forth the following information: (i) the name and address of the Counterparty, (ii) notice of the proposed

effective date of the assignment (subject to the Debtor's and the Proposed Purchaser's right to withdraw such request for assumption and assignment pursuant to the Asset Purchase Agreement and the Bidding Procedures), (iii) identification of the Assumed and Assigned Contract, (iv) the Cure Amount, (v) a description of the Proposed Purchaser and a statement as to the Proposed Purchaser's ability to perform the Debtor's obligations under the Assumed and Assigned Contracts, and (vi) the objection deadline.

20. The Debtor (or its agent) shall serve the Assumption and Assignment Notice, in substantially the form attached as Exhibit F to the Motion on each counterparty pursuant to the Assumption and Assignment Procedures set forth in the Motion. Additionally, for Assumed and Assigned Contracts, the Debtor shall file with the Court a master notice of assignment of contracts that sets forth: (i) the name and address of each Counterparty, (ii) notice of the proposed effective date of each assignment (subject to the Debtor's and the Proposed Purchaser's right to withdraw such request for assumption and assignment pursuant to the Asset Purchase Agreement), (iii) a description of each Assumed and Assigned Contract, (iv) the Cure Amount, if any, and (vi) and the objection deadline.

## Objection Procedures

21. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the sale of the Purchased Assets, including (without limitation) the sale, assumption and assignment of the Assumed and Assigned Contracts, shall file a formal objection that complies with the objection procedures as set forth in the Motion. Each objection shall state the legal and factual basis of such objection. To the extent that any party to an Assumed and Assigned Contract does not timely file an objection to the Motion pursuant to the procedures set forth therein, such party shall be (i) deemed to have stipulated that the Cure Amount(s) set forth in the Assumption and Assignment Notice as determined in good faith by the Debtor is correct, (ii) shall be forever

9

barred, estopped and enjoined from asserting any additional Cure Amount under the Assumed and Assigned Contract(s), and (iii) will be forever barred from objecting to the assignment of the Assumed and Assigned Contracts to the Prevailing Bidder(s) or to the Prevailing Bidder(s) adequate assurance of future performance.

22. If a timely objection to the assumption and assignment of an Assumed and Assigned Contract is received and such objection cannot be resolved by the parties, the Court will hear such objection at the Sale Hearing; provided, however, that the Debtor, in consultation with the Supporting Noteholders and the Prevailing Bidder(s), may continue such hearing to a subsequent hearing date. To the extent such hearing is not continued, the objecting non-Debtor counterparty to the Assumed and Assigned Contract(s) shall be prepared to present evidence to support its asserted Cure Amount at the Sale Hearing.

23. An objection solely to the Cure Amount related to the assumption and assignment of an Assumed and Assigned Contract may not prevent or delay the Debtor's assumption and assignment of an Assumed and Assigned Contract. If a party objects solely to a Cure Amount, the Debtor may, with the consent of the Requisite Supporting Noteholders (as defined in the Motion), which consent shall not be unreasonably withheld, hold the claimed Cure Amount in reserve pending further order of the Court or mutual agreement of the parties. So long as the Debtor holds the claimed Cure Amount in reserve, and there are no other unresolved objections to assumption and assignment of the applicable Assumed and Assigned Contracts, the Debtor can, without further delay, assume and assign the Assumed and Assigned Contract that is the subject of the objection. Under such circumstances, the objecting non-Debtor counterparty's recourse is limited to the funds held in reserve.

24. Any and all written objections as contemplated by this Order (including, without limitation, any objection to the assumption and assignment of any Assumed and Assigned Contract or the Cure Amount under any contract) must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules; (d) filed with the Bankruptcy Court; and (e) served in accordance with the Local Rules so as to be received on or before the appropriate deadline as set forth in the Motion on the following: (a) Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022, Attn: Ronald. J. Silverman, Esq. (ronald.silverman@bingham.com), counsel to the Debtor; (b) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, NY 10036, Attn: Michael S. Stamer, Esq. (mstamer@akingump.com) and James Savin (jsavin@akingump.com), counsel to the Supporting Noteholders; (c) Maslon Edelman Borman & Brand, LLP, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-4140, Attn: Clark T. Whitmore, Esq. (clark.whitmore@maslon.com), counsel to U.S. Bank National Association; ~~and (d~~(d) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Thomas Mayer, Esq. (tmayer@kramerlevin.com), counsel to the Committee; and (e) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Fax: (302) 573-6497.

25. Failure to object to the relief requested in the Motion shall be deemed to be "consent" for purposes of section 363(f) of the Bankruptcy Code.

26. All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as it pertains to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

## Other Relief Granted

27. <u>For the avoidance of doubt, third party bidders for the Purchased Assets may bid on Avoidance Actions (if any) against trade vendors.</u>

28. ~~27.~~ Except as otherwise provided in the Asset Purchase Agreement or this Bidding Procedures Order, the Debtor further reserves the right as it may reasonably determine to be in the best interest of the estate to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and best proposal; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtor or its estate; (v) remove some of the Purchased Assets from the Auction; (vi) waive terms and conditions set forth herein with respect to all potential bidders; (vii) impose additional terms and conditions with respect to all Potential Bidders; (viii) extend the deadlines set forth herein; (ix) adjourn or cancel the Auction and/or Sale hearing in open court without further notice; and (x) modify the Bidding Procedures as the Debtor may determine to be in the best interest of the estate or to withdraw the Motion at any time with or without prejudice; <u>provided, however;</u> that the Debtor may take the actions in (v) –(x) above only with the consent of the ~~Requiste~~<u>Requisite</u> Supporting Holders, which consent shall not be unreasonably withheld.

29. ~~28.~~ Subject to the Debtor's compliance with its obligations to deliver a copy of any Qualified Bids to the Proposed Purchaser in accordance with the terms of paragraph 26 of the Asset Purchase Agreement, the Auction, if necessary, is scheduled for 10:00 a.m. (EDT) on November 1, 2011 at the offices of Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022. If no Qualified Bids, other than the Qualifying Bid submitted by the Proposed Purchaser, are received by the Bid Deadline, then the Auction will not be held and the Debtor shall promptly seek Bankruptcy Court approval of the Asset Purchase Agreement.

~~A/74486472.2~~
<u>A/74506674.2</u>

30. ~~29.~~ Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

31. ~~30.~~ The Auction will be conducted openly; provided, however, that only Qualified Bidders will be allowed to submit bids for the Purchased Assets at the Auction.

32. ~~31.~~ Bidding at the Auction shall be transcribed or videotaped.

33. ~~32.~~ The Sale Hearing shall be held in this Court on [November 4, 2011 at ~~10:00~~ 9:30 a.m. (EDT)], unless otherwise determined by the Court. The Sale Hearing may be adjourned or rescheduled by the Debtors, with the consent of the Requisite Supporting Noteholders, which consent shall not be unreasonably withheld, without further notice by an announcement of the adjourned date at the Sale Hearing or by the filing of a hearing agenda.

34. ~~33.~~ The Debtor is authorized to conduct the Sale (as defined in the Bidding Procedures) without the necessity of complying with any state or local bulk transfer laws or requirements.

35. ~~34.~~ In the event there is a conflict between this Order and the Motion or the Asset Purchase Agreement, this Order shall control and govern.

36. ~~35.~~ This Court shall retain jurisdiction with respect to all matters arising or related to the implementation or interpretation of this Order.

37. ~~36.~~ This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted. The Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

38. <u>The Debtor shall provide the Committee's professionals with a copy of each bid received from any party promptly after the Debtor's receipt thereof, and shall provide its log of parties contacted. The Debtor and its professionals shall consult with the Committee's professionals over the marketing of Lot 3. The Debtor shall not make any changes in the Bidding Procedures or agree to any changes in the Asset Purchase Agreement without previously consulting with the Committee's professionals. The Debtor shall generally keep the Committee's professionals informed on a timely basis. The Committee shall be entitled to seek relief from the Court if appropriate (in particular with respect to qualification of bidders or bids).</u>

Dated: _____, 2011
      Wilmington, Delaware

 

THE HONORABLE [————]MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

Schedule 1:

Bidding Procedures

A/74486472.2
A/74506674.2

Document comparison by Workshare Professional on Wednesday, September 07, 2011 8:23:37 PM

| Input: | |
|---|---|
| Document 1 ID | pcdocs://docs_de/172878/1 |
| Description | #172878 v1 - Evergreen Solar - Bid Procedures Order (As Filed) |
| Document 2 ID | pcdocs://docs_de/172875/1 |
| Description | #172875 v1 - Evergreen Solar - Revised Bid Procedures Order |
| Rendering set | standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 18 |
| Deletions | 22 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 40 |