# Exhibit C

# FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT

This First Amendment to Asset Purchase Agreement (this "First Amendment"), dated as of September 8, 2011, amends the Asset Purchase Agreement (the "Agreement"), dated August 15, 2011, made and entered into by and between Evergreen Solar, Inc., a Delaware corporation ("Seller") and ES Purchaser, LLC, a Delaware limited liability company ("Purchaser"). Capitalized terms used but not otherwise defined in this First Amendment shall have the respective meanings ascribed to such terms under the Agreement.

## RECITALS

WHEREAS, the parties hereto are parties to the Agreement; and

WHEREAS, the parties hereto desire to amend the Agreement as provided herein.

NOW, THEREFORE, in consideration of the foregoing premises and the representations, warranties, covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

1. Section 2.2(a) of the Agreement is hereby deleted in its entirety and replaced with the following:

"(a) Cash and Cash Equivalents in the aggregate amount equal to (i) the amount required to fund the Wind-Down Budget and (ii) the amount required to fund any remaining amounts under the Transition Budget;"

2. Section 2.2 of the Agreement shall be amended by adding a new subsection (n) thereto as follows:

"(n) notwithstanding anything to the contrary in this Agreement, Purchaser shall not be obligated to purchase any Acquired Asset if for any reason the Purchaser is unable to pay all of the purchase price with respect to such Acquired Asset pursuant to a credit bid under Section 363(k) of the Bankruptcy Code, and in such event, such Acquired Asset shall be a Retained Asset."

3. Section 9.4. Section 9.4 of the Agreement is hereby deleted in its entirety and replaced with the following:

"Section 9.4 Devens Assets. Notwithstanding anything herein to the contrary, to the extent that all closing conditions herein have been met but the consent of Mass Dev has not been obtained in accordance with Section 9.3(e)(iii), then at the option of Seller, the Closing of all Acquired Assets, other than the Devens Assets, shall be consummated and the Purchase Price shall be reduced by an amount equal to the portion of the Purchase Price allocable to the Devens Assets, which amount shall be determined by Purchaser in consultation with Seller. Thereafter, Purchaser and Seller shall consummate the purchase

of the Devens Assets if the closing conditions relating to the Devens Assets have been waived or satisfied in accordance with this Agreement."

4. Article IX. Article IX of the Agreement shall be amended by adding a new Section 9.5 thereto as follows:

"Section 9.5 Evergreen (Wuhan). Notwithstanding anything herein to the contrary, to the extent that all closing conditions herein have been met but the consent of HSTIC has not been obtained in accordance with Section 9.3(g), then at the option of Seller, the Closing of all Acquired Assets, other than the shares of capital stock of Evergreen (Wuhan) and the Evergreen (Wuhan) Contracts, shall be consummated and the Purchase Price shall be reduced by an amount equal to the portion of the Purchase Price allocable to the shares of capital stock of Evergreen (Wuhan) and the Evergreen (Wuhan) Contracts, which amount shall be determined by Purchaser in consultation with Seller. Thereafter, Purchaser and Seller shall consummate the purchase of the shares of capital stock of Evergreen (Wuhan) and the Evergreen (Wuhan) Contracts if the closing conditions relating to the shares of capital stock of Evergreen (Wuhan) and the Evergreen (Wuhan) Contracts have been waived or satisfied in accordance with this Agreement."

5. Section 8.10(b) of the Agreement is hereby deleted in its entirety and replaced with the following:

"(b) In the event that Seller elects to file a plan of reorganization or liquidation in conjunction with the Transactions, Purchaser and Seller covenant and agree that they will use their commercially reasonable efforts to obtain an order from the Bankruptcy Court pursuant to section 1146 of the Bankruptcy Code exempting, to the maximum extent possible, the Transfer of the Acquired Assets from Seller to Purchaser from any and all Transfer Taxes. To the extent the Transactions or any portion of the Transactions are not exempt from Transfer Taxes under section 1146 of the Bankruptcy Code, Seller shall be responsible for and shall pay all Transfer Taxes promptly when due. Purchaser and Seller shall cooperate in providing each other with any appropriate certification and other similar documentation relating to exemption from Transfer Taxes (including any appropriate resale exemption certifications), as provided under Applicable Law."

6. Section 11.16 of the Agreement is hereby amended as follows:

(a) The defined terms "Committee Professionals Fee Cap" and "Debtors Professionals Fee Cap" and related definitions are hereby deleted.

(b) A new defined term "Professional Fee Cap" shall be inserted in appropriate alphabetical order, which shall read as follows:

"'Professional Fee Cap' has the meaning set forth in Cash Collateral Order."

(c) A new defined term "Professionals" shall be inserted in appropriate alphabetical order, which shall read as follows:

"Professionals" has the meaning set forth in Cash Collateral Order."

(d) The definition of Wind-Down Budget is hereby amended and restated to read as follows:

""Wind-Down Budget" means a budget consisting of Cash and Cash Equivalents equal to: (i) $2,500,000 for the wind-down of Seller's bankruptcy estate, plus (ii) an amount reasonably necessary to dispose of each Asset remaining with Seller following the Closing, up to an aggregate amount of $7,500,000, after giving effect to the receipt of net proceeds from the sale of any such Asset, plus (iii) the aggregate amount of all expenses incurred by Seller pursuant to this Agreement, plus (iv) the amount of the Professional Fee Cap, less amounts previously paid to the Professionals included therein since the commencement of the Bankruptcy Case, plus (v) the fees for the advisors to the Supporting Noteholders and the Indenture Trustee; and plus (vi) the amounts agreed under the Support Agreement (and the term sheet incorporated therein) relating to any of Seller's obligations under its key employee incentive program, severance, paid time off, and other employee benefits, and other obligations to Employees contemplated by the Support Agreement, less amounts previously paid by Seller in furtherance of the foregoing."

7. Full Force and Effect. Except as expressly modified by this First Amendment, all of the terms, covenants, agreements, conditions and other provisions of the Agreement shall remain in full force and effect in accordance with their respective terms. As used in the Agreement, the terms "this Agreement," "herein," "hereinafter," "hereto," and words of similar import shall mean and refer to, from and after the date of this First Amendment, unless the context requires otherwise, the Agreement as amended by this First Amendment.

8. Governing Law. This First Amendment shall be governed by and construed in accordance with the laws of the State of New York and the applicable provisions of the Bankruptcy Code.

9. Counterparts. This First Amendment may be executed by facsimile or PDF signature and in one or more counterparts, all of which shall be considered one and the same agreement and shall become effective when two or more counterparts have been signed by each of the parties and delivered to the other party.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, Purchaser and Seller have executed this First Amendment or caused this First Amendment to be executed by their respective officers thereunto duly authorized as of the date first written above.

**SELLERS:**

EVERGREEN SOLAR, INC.

By: /s/ Christian M. Ehrbar
    Name: CHRISTIAN M. EHRBAR
    Title: VICE PRESIDENT & GENERAL COUNSEL

**PURCHASER:**

ES PURCHASER LLC

By: _____
    Name:
    Title:

[Signature Page to First Amendment to Asset Purchase Agreement]

IN WITNESS WHEREOF, Purchaser and Seller have executed this First Amendment or caused this First Amendment to be executed by their respective officers thereunto duly authorized as of the date first written above.

**SELLERS:**

EVERGREEN SOLAR, INC.


By: _____
   Name:
   Title:




**PURCHASER:**

ES PURCHASER LLC

By: *[signature]*
   Name:
   Title:   William R. Techar
          Authorized Signatory

[Signature Page to First Amendment to Asset Purchase Agreement]