IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Evergreen Solar, Inc.<br><br>Debtor. | Chapter 11<br><br>Case No. 11-12590 (MFW)<br><br>Related Docket Nos.: 304 and 327 & 370 |

**ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EVERGREEN SOLAR, INC. TO COMMENCE, PROSECUTE, AND SETTLE CLAIMS ON BEHALF OF THE DEBTOR'S ESTATE AND RELATED RELIEF**

Upon the motion (the "Standing Motion") of the Official Committee of Unsecured Creditors (the "Committee") of Evergreen Solar, Inc. (the "Debtor") for entry of an order granting the Committee leave, standing, and authority to commence, prosecute, and settle claims on behalf of the Debtor's estate pursuant to 11 U.S.C. §§ 105(a), 1103(c), 1109(b); and the Emergency Motion (the "Emergency Motion," and together with the Standing Motion, the "Motions")[1] of the Official Committee of Unsecured Creditors Concerning the Prepetition Secured Parties' Credit Bid Rights in Connection With Auction (Docket No. 327); and upon consideration of the:

(i) Supporting Noteholders' Objection to Motion to Authorize of the Official Committee of Unsecured Creditors for Evergreen Solar, Inc., Pursuant to 11 U.S.C. §§ 105(a), 1103(c) and 1109(b), and the Cash Collateral Order, for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, and Settle Claims on Behalf of the Debtor's Estate (Docket No. 349);

(ii) Declaration of Brian T. Carney in Support of Supporting Noteholders'

---

[1] Terms not defined herein shall have the meanings ascribed to such terms in Motions, as applicable.

#15092925 v1

Objection to Motion to Authorize of the Official Committee of Unsecured Creditors for Evergreen Solar, Inc., Pursuant to 11 U.S.C. §§ 105(a), 1103(c) and 1109(b), and the Cash Collateral Order, for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, and Settle Claims on Behalf of the Debtor's Estate (Docket No. 350);

(iii) United States' Response to Motion of the Official Committee of Unsecured Creditors of Evergreen Solar, Inc., Pursuant to 11 U.S.C. §§ 105(a), 1103(c) and 1109(b), and the Cash Collateral Order, for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, and Settle Claims on Behalf of the Debtor's Estate (Docket No. 341);

(iv) Joinder of U.S. Bank National Association, as Indenture Trustee, in the Supporting Noteholders' Objection to the Motion of the Official Committee of Unsecured Creditors of Evergreen Solar, Inc., Pursuant to 11 U.S.C. §§ 105(a), 1103(c) and 1109(b), and the Cash Collateral Order, For Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, and Settle Claims on Behalf of the Debtor's Estate (Docket No. 342);

(v) Memorandum of Law of Evergreen Solar, Inc. in Opposition to Emergency Motion of the Official Committee of Unsecured Creditors Concerning the Prepetition Secured Parties' Credit Bid Rights in Connection with Auction (Docket No. 345);

(vi) Supporting Noteholders' Objection to Emergency Motion of The Official

#15092925 v1

Committee of Unsecured Creditors Concerning the Prepetition Secured Parties Credit Bid Rights in Connection with Auction (Docket No. 346);

(vii) Declaration of Brian T. Carney in Support of Supporting Noteholders' Objection to Emergency Motion of the Official Committee of Unsecured Creditors Concerning the Prepetition Secured Parties Credit Bid Rights in Connection with Auction (Docket No. 348); and

(viii) Joinder of U.S. Bank National Association, as Indenture Trustee, in the Supporting Noteholders' Objection to Emergency Motion of the Official Committee of Unsecured Creditors Concerning the Prepetition Secured Parties Credit Bid Rights in Connection With Auction (Docket No. 343);

and the Court having heard the statements of counsel regarding the relief requested in the Standing Motion and the Emergency Motion at a hearing on October 25, 2011, the Court hereby finds that:

A. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.

B. These matters are core proceedings within the meaning of 28 U.S.C. § 157(b)(2).

C. Venue of this chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Notice of the Motions was due and proper under the circumstances.

E. The Motions are in full compliance with all applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware.

#15092925 v1

F.   The legal and factual bases set forth in the Motions establish just cause for the relief granted herein.

G.   The relief granted herein is in the best interests of the Debtor, its estate and creditors.

After due deliberation, and good and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1.   The Standing Motion is hereby granted pursuant to the terms of this Order. All objections, if any, to the Standing Motion or the relief requested therein, that have not been withdrawn, waived, or settled are overruled.

2.   The Committee shall be, and hereby is, authorized on behalf of the Debtor's estate to commence and prosecute to conclusion solely the claims and causes of action set forth in the draft Complaint attached to the Standing Motion (the "Specified Causes of Action") with the full rights and privileges of, and in the stead of, the Debtor. Solely with respect to the Specified Causes of Action, the deadline for the Committee to commence an adversary proceeding is hereby extended, nunc pro tunc from October 25, 2011, through and including November 28, 2011. Prior to the Committee commencing such adversary proceeding, the Debtor, the Committee, the Indenture Trustee and the Supporting Noteholders shall engage in good faith negotiations concerning a consensual resolution to the Specified Causes of Action for which there may not be a dispute among the parties and the Committee shall not prosecute any claim in respect of a Specified Cause of Action which is consensually resolved among the parties.

3.  The Committee shall have the exclusive right and authority to negotiate and enter into settlements on behalf of the Debtor's estate solely with respect to the Specified Causes of Action.

4.  Notwithstanding any provision of this Order, the Debtor shall retain standing to settle or compromise any controversy involving any right, power, or defense of the Debtor, or property of its estate other than the Specified Causes of Action. Without limitation of the foregoing, nothing in this order gives the Committee standing to enter into a settlement agreement that includes any compromise beyond those of the scope of the Specified Causes of Action, nor to prosecute any claims, rights, defenses, counterclaims or third-party claims other than the Specified Causes of Action.

5.  Any settlement of the Specified Causes of Action shall be subject to approval by the Court after notice and a hearing, and at any such hearing the Debtor, the Indenture Trustee, the Supporting Noteholders and the United States of America shall have the right to appear and be heard.

6.  The Emergency Motion is resolved as set forth herein. The Order Authorizing Debtor's Entry Into The Stalking Horse Asset Sale Agreement, (B) Authorizing And Approving The Bidding Procedures And Transaction Expense Reimbursement (C) Approving The Notice Procedures And The Assumption And Assignment Procedures, And (D) Setting A Date For The Sale Hearing (Docket No. 174) ("Bidding Procedures Order") is hereby modified to reflect the following deadlines: (a) November 1, 2011 as the bid deadline; (b) November 7, 2011 as the auction date (the "Auction") and deadline for parties in interest to respond to objections to the sale and (c) November 10, 2011 at 1pm (ET) as the date and time for the Court to consider approval of the sale (the "Sale Hearing").

#15092925 v1

7. Additionally, the Bidding Procedures Order is hereby modified to reflect that (i) with respect to the sale of Lot 1 (the LBIE Assets), notwithstanding paragraphs 5(a) and (b) of schedule 1 to the Bidding Procedures Order, a bid which offers cash upfront and contingent payments upon the satisfaction of specified contingencies will nevertheless constitute a "Qualifying Bid" (as defined in schedule 1 to the Bidding Procedures Order), so long as all other requirements to constitute a Qualifying Bid are satisfied and (ii) the Committee's financial advisors shall have consultation rights with respect to evaluating and valuing all bids submitted in connection with sale of the Debtor's assets and on the processes and procedures necessary for the running of the Auction.

8. Subject to the following limitations, the Prepetition Secured Parties' (as defined in the Emergency Motion) or Proposed Purchaser's (as defined in the Emergency Motion) right, pursuant to section 363(k) of the Bankruptcy Code, to submit a credit bid at the Auction on the Unsecured Property shall not be impaired: (a) the Prepetition Secured Parties and Proposed Purchaser shall not submit a credit bid in respect of the Adequate Protection Liens (as defined in the Emergency Motion) unless and until the Prepetition Secured Parties have obtained a further determination by the Court regarding the amount of the claim secured by such Adequate Protection Liens, (b) the Prepetition Secured Parties and Proposed Purchaser shall not submit a credit bid in respect of the Unencumbered Property (as defined in the Standing Motion), and (c) if the Prepetition Secured Parties or Proposed Purchaser submit a credit bid at the Auction on the Unperfected Lien Property (as defined in the Standing Motion) and that bid is the Prevailing Bid (as defined in schedule 1 to the Bidding Procedures Order) at the Auction, then, at the Sale Hearing, the Court shall consider methods to protect the estate in the event that the Specified Causes of Action result in a determination avoiding certain of the Prepetition Secured Parties' prepetition liens on the

#15092925 v1

Unperfected Lien Property, including but not limited to: (i) deferring entry of all or a portion of the order approving such sale pending a final resolution of the Specified Causes of Action; (ii) requiring that the Prepetition Secured Parties or Proposed Purchaser deposit funds in an escrow account maintained by the Debtor *in an amount to be determined by the Court as necessary to protect the estate*, or (iii) ordering some other "carve out" in the order approving the sale that the Court determines is appropriate to protect the estate, ~~provided that~~ the rights of all parties to be heard with respect to any such methods and to assert or contest that any protection is necessary and appropriate is preserved.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the construction, performance, enforcement, and implementation of the terms of this Order.

Dated: Oct. 28, 2011

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

#15092925 v1